# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

PATRICIA TIGNER,                                                  PLAINTIFF,

VS.                                        CIVIL ACTION NO. 2:08CV166-P-A

BONDEX INTERNATIONAL, INC., ET AL.,              DEFENDANTS.

## ORDER

This matter comes before the court upon Plaintiff's Motion to Remand [52]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiff filed the instant action in the Circuit Court of Panola County, Mississippi on March 12, 2008. The defendants argue that since one of the co-defendants was a Mississippi resident corporation – State Beauty Supply of Northeast Mississippi, Inc. – they did not believe they had the right to remove the case to federal court at that time. State Beauty filed its Answer on June 13, 2008 wherein they set forth the affirmative offense that it did not exist until July 14, 1989 and that the plaintiff's lawsuit is based on her allegations that she was exposed to asbestos from 1958 until 1987. It was on the receipt of State Beauty's Answer, the defendant's argue, that they received notice that they had the right to remove because of the improper joinder of State Beauty, the sole Mississippi defendant. The defendants removed this action on July 14, 2008 on the basis of diversity jurisdiction and improper joinder.

The plaintiff filed her motion to remand on August 6, 2008 wherein she argues that removal was improper because it was untimely. That is, while the plaintiff does not deny that there is no reasonable possibility of recovery against State Beauty given their argument in their Answer that they did not exist until approximately two years after the plaintiff claims she was last exposed to

asbestos, she argues that the removal was untimely since (a) the notice of removal should have been filed no later than 30 days after the defendants were served with the Complaint; and/or (b) the notice of removal should have been filed within 30 days of the defendants' receipt of State Beauty's Answer on June 13, 2008.

**A. Timeliness**

The defendants maintain that pursuant to Fed. R. Civ. P. 6(d), they were not deemed to have received State Beauty's Answer until three days after they received it in the mail. Rule 6(d) provides in pertinent part: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) ["mailing it to the person's last known address – in which event service is complete upon mailing"] ... 3 days are added after the period would otherwise expire under Rule 6(a)." Thus, the defendants argue that they are deemed to have received State Beauty's Answer on June 16, 2008. Therefore, they were not required to file their notice of removal until July 16, 2008 and since they filed their notice of removal on July 14, 2008, their removal was timely.

The plaintiff did not file a reply rebutting these assertions.

The court concludes that the defendants are correct that pursuant to Fed. R. Civ. P. 6(d) and its Mississippi counterpart, the defendants had until July 16, 2008 to remove since they did not receive notice of a removable ground until they received State Beauty's Answer.

**B. Improper Joinder**

Having concluded that removal was timely, the court must now determine if the removal was proper. The defendants argue that the court has diversity jurisdiction because the amount in controversy is over $75,000.00 and there is a complete diversity of citizenship between the plaintiff and the defendants. The defendants argue that the joinder of State Beauty – the sole Mississippi

2

defendant – was improper given there is no reasonable possibility of recovery against State Beauty since they did not begin to exist until approximately two years after the plaintiff alleges that she was last exposed to asbestos.

The burden in this case is upon the defendants to persuade the Court of fraudulent, or improper, joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id*. Furthermore, when dealing with an improper joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). When moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that the resident defendant is indeed a resident of Mississippi, the second test applies in the instant case.

With regard to the second test, the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. (Miss.) 2004) (en banc) wrote:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Id.* (citing *Travis*, 326 F.3d at 646-7).

The Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). However, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart*, 199 F.3d at 246.

The plaintiff does not dispute, though she does not explicitly agree, that State Beauty did not exist during the period relevant to the plaintiff's claims. Her deadline to reply to the defendants' response passed on September 11, 2008. Nevertheless, if the plaintiff does not dispute State Beauty's affirmative defense, then there is no reason for this court to believe that there is a reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [52] is **DENIED**.

**SO ORDERED** this the 15th day of September, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE